**SHAPIRO, CROLAND, REISER,
APFEL & Di IORIO, LLP**
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601
201-488-3900
Attorneys for Plaintiff
Troma Entertainment, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROMA ENTERTAINMENT, INC. : | |
| : | |
| Plaintiff, : | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, ANCILLARY RELIEF AND JURY DEMAND** |
| v. : | |
| : | |
| CENTENNIAL PICTURES INC., : | CV-11 - 1137 |
| PAN GLOBAL ENTERTAINMENT, LLC : | Case No.: |
| LANCE ROBBINS and KING BRETT : | COGAN, J. |
| LAUTER : | |
| Defendants. : | |

Plaintiffs, Troma Entertainment, Inc. ("Troma"), a New York corporation, through its attorney Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP, by way of Complaint against the Defendants, Centennial Pictures Inc., Pan Global Entertainment, LLC, Lance Robbins, King Brett Lauter, says as follows:

**NATURE OF THE ACTION**

1.    Troma, the exclusive distributor (in all forms of media) of those certain full length feature color motion pictures entitled "Poultrygeist, Night of the Chicken Dead" and "Citizen Toxie: The Toxic Avenger IV" (collectively the "Films"), brings this copyright infringement action arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*

against Defendants for their unlawful manufacture, distribution and/or sale of the Films in television, cable, and/or video/DVD.

## JURISDICTION AND VENUE

2.     This Court has exclusive subject matter jurisdiction over Troma's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Defendants are subject to the personal jurisdiction of this Court pursuant to laws of the State of New York because they (i) reside in and/or are doing business in this State; or (ii) they have intentionally engaged in acts targeted at this District and/or have caused harm in this District.

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to Troma's claims arose in this District and/or this is a District in which the Defendants reside or may be found.

## THE PARTIES

5.     Plaintiff, Troma, is a New York corporation with offices at 36-40 11th Street, Long Island City, New York. Troma is the author of the film "Citizen Toxie, Toxic Avenger Part IV" ("Citizen Toxie") and the exclusive distributor of "Poultrygeist: Night of the Chicken Dead" ("Poultrygeist"). Over the past thirty (30) years, Troma has developed a reputation in the film industry as an independent producer and distributor of controlled budget motion pictures (in all forms of media) in the action, horror and comedy categories.

6.     Defendant, Centennial Pictures Inc. ("Centennial"), is upon information and belief, a California corporation with its principal offices at 8721 Santa Monica Boulevard, Suite 1365, Los Angeles, CA 90069.  Centennial is a production and

189019_1          2

distribution company, acquiring and producing theatrical motion pictures, television movies, documentaries, live action series and animation series for worldwide distribution in all media.

7.      Defendant, Pan Global Entertainment, LLC ("Pan Global"), is, upon information and belief, a California limited liability company with offices at 1158 26th Street, Suite 767, Santa Monica, California. Among other business activities, Pan Global is engaged in the distribution of feature films, documentary specials, series, music, and reality programming, for which it licenses the theatrical, television, cable, video/DVD, and new media rights to both international and domestic markets.

8.      Defendant, Lance Robbins, (Robbins) is, upon information and belief, an individual with offices at 15233 Ventura Boulevard, Suite 408, Sherman Oaks, California and residing at 23750 Canzonet Street, Woodland Hills, California. Among other business activities, Robbins is engaged in film production and distribution, acquiring and producing theatrical motion pictures, television movies, documentaries, live action series and animation series for worldwide distribution in all media, individually, and through various related entities, including Centennial Pictures Inc. of which Robbins is a principal.

9.      Defendant, King Brett Lauter, ("Lauter") is, upon information and belief, an individual with offices at 1158 26th Street, Suite 767, Santa Monica, California. Among other business activities, Lauter is engaged in the worldwide distribution of feature films, documentary specials, series, music, and reality programming, for which he licenses the theatrical, television, cable, video/DVD, and new media rights to both

international and domestic markets, individually, and through his company, Pan Global and through his employer Centennial Pictures Inc.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     On or about January 22, 2007, the United States Copyright Office issued the Certificate of Copyright Registration No. PA 1-371-534 (the "Citizen Toxie Copyright") to Troma for the film Citizen Toxie.  A copy of the Citizen Toxie Copyright is annexed hereto as Exhibit A.

11.     Poultry Productions, LLC ("Poultry"), is a New York limited liability company with offices at 36-40 11th Street, Long Island City, New York.  Poultry is the author of the film Poultrygeist.  Poultry has conferred upon Troma the exclusive right to distribute the film, Poultrygeist.

12.     On or about June 4, 2007, the United States Copyright Office issued the Certificate of Copyright Registration No. PA 1-386-738 (the "Poultrygeist Copyright") to Poultry for the film Poultrygeist.  A copy of the Poultry Copyright is annexed hereto as Exhibit B.

13.     The Citizen Toxie and Poultrygeist Copyrights (collectively the "Troma Copyrights") confer on the Plaintiff, the exclusive right to bring, prosecute, defend, and appear in suits, actions and proceedings, of any nature, under or concerning the Troma Copyrights in and to the Films, or concerning any infringement thereof, pursuant to 17 U.S.C.A. § 501.

14.     Plaintiffs have committed substantial financial and other resources to the considerable task of producing and distributing the Films.  At all times material hereto,

Plaintiffs have been engaged in the distribution and sale of the Films to the general public through various channels.

15.     On or about October 8, 2009, Troma authorized Defendants to represent Troma for the sole purpose of attempting to negotiate an agreement to distribute the Films to a German distribution company that intended to market the films for distribution via pay per view services offered in German speaking areas of Europe (the "Troma Authorization").     The particulars of the parties' agreement, including the scope of the Troma Authorization, was expressed in an email, a copy of which is annexed hereto as Exhibit C.   The email identified the transaction as the "German VOD/TV deal." The Troma Authorization expressed that "[s]hould a deal be accepted by Troma Entertainment, Inc. Lance Robbins shall receive a commission of 20% of the license fee actually paid to Troma."   The Troma Authorization terminated in the event that no transaction was consummated by Troma within 30 days of October 8, 2009.

16.     As Defendants secured authorization to represent Troma, the Defendants expressed their clear intent to avoid paying Troma in email correspondence between Defendants of October 8, 2009 (the "October 8, 2009 Email"), a mere 15 minutes after the Troma Authorization was entered into, in which Defendant Robbins wrote to Defendant Lauter: "WE CAN ALWAYS SAY THAT THE DEAL DID NOT COME THROUGH.   WE DON'T HAVE TO REVEAL THE COMPANY..[SIC] AND WE DON'T THINK LEHMAN WILL CONTACT THEM DIRECTLY, CORRECT?" [capitalization in original]

17.     After they secured the Troma Authorization and made sundry other requests for promotional artwork associated with the Films, the Defendants indicated to

Troma that they would not proceed with the transaction by their inaction and by allowing the Troma Authorization to lapse by its terms without notification that a deal was achieved.

18.    Unbeknownst to Troma, however, the Defendants, acting under the cloak of authority provided to them by way of the Troma Authorization, entered into a Non-Exclusive Pay Television Licensing Agreement on October 2, 2009, in which Defendants conferred to Intravest Beteiligungs GMBH. ("Intravest") a purported license to distribute the Films via pay-per-channel distribution on Silverline AG's Movie Channels (the "Licensing Agreement"). A copy of the Licensing Agreement is annexed as Exhibit D.

19.    Defendants, without the right or authority to do so, warranted in the Licensing Agreement, that they owned or controlled any and all rights title and ownership, including copyright of the Films, necessary for the Pay-TV exploitation by the Licensee, Intravest.

20.    Rather than deliver authorized copies of the Films in German provided by Troma, in order to satisfy their obligation under the Licensing Agreement with Intravest, Defendants surreptitiously bought DVD copies of the Films in German from Troma's authorized distributor in Germany through Amazon.de (the German part of Amazon.com) and delivered unauthorized copies of the Films for pay-per-channel distribution on Silverline AG's Movie Channels. A copy of the Statement of Accounts from Centennial Pictures reflecting a payment to Amazon.de for 49.71€ for 2 DVDs on October 4, 2009 is annexed hereto as Exhibit E.

21.     After the sale of limited rights to the copyrighted material was concluded, the Defendants made no efforts to notify Troma of the License Agreement or remunerate the Plaintiffs according to the terms of the Troma Authorization.

22.     Defendants have admitted that they entered into the Licensing Agreement without Plaintiffs permission or consent to do so, thereby infringing the Plaintiffs' copyright over the Films.

23.     It was not until Troma inadvertently learned on August, 10 2010, that the Films were being broadcast on German-speaking television in Europe through Intravest's distribution, did they learn of the deception perpetrated by the Defendants.

## FIRST COUNT

### (Copyright Infringement)

24.     Troma repeats and realleges each and every preceding allegation of the Complaint as if the same were set forth herein.

25.     Defendants, without the permission or consent of Plaintiffs, have reproduced, adapted and/or distributed, or caused such reproduction, adaptation and distribution of, the copyrighted Films.

26.     Troma has not been paid the license fee or any other fee collected by the Defendants for the distribution of the Films.

27.     Defendants' infringement was willful, intentional and in flagrant disregard of Plaintiffs' rights.

28.     As a direct and proximate result of Defendants' infringement of Troma's copyright and exclusive rights under copyright, Troma is entitled to compensatory and/or

statutory damages in the amount of $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(b)(c).

**WHEREFORE**, Plaintiff, Troma Entertainment, Inc. demands judgment against Defendants, Centennial Pictures Inc., Pan Global Entertainment, LLC, Lance Robbins, King Brett Lauter, jointly and severally, as follows:

(A)     For an accounting of all monies received and/or profits earned by Defendants in connection with the sale and/or distribution of the Film in DVD format and for the imposition of a constructive trust on any monies so received and/or profits earned;

(C)     For compensatory damages, or alternatively, for maximum statutory damages of not less than $150,000.00 for each of the two copyright violations alleged herein and for all individual copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

(D)     For Troma's costs incurred in this action;

(E)     For Troma's reasonable attorney's fees incurred in this action; and,

(F).    For such other and further relief as the Court may deem just and proper.

## SECOND COUNT

### (Common Law Fraud)

29.     Troma repeats and incorporates the preceding allegations of the Complaint as if fully set forth herein.

30.     Defendants knowingly and intentionally defrauded the Plaintiff as follows:

(a) Defendants Robbins and Lauter, individually and on behalf of Centennial and Pan Global, falsely represented to Plaintiff that Defendants were attempting to negotiate an agreement on the Plaintiff's behalf for the Plaintiff to license the Films, whereas their intention was to license the Films on their own behalf and retain all proceeds associated with such licensing;

(b) Defendants Centennial and Pan Glogal, through Defendants Robbins and Lauter, knowingly and intentionally failed to disclose to the Plaintiff that they had entered into the Licensing Agreement for the distribution of the Films;

(c) Defendants Centennial and Pan Global, through Robbins and Lauter, knowingly and intentionally misrepresented their authority to enter into any agreement on behalf of Troma permitting the use of Troma's Licenses.

(d) Defendants knowingly and intentionally entered into the Licensing Agreement with Intravest in violation of the Troma Authorization and Troma's copyright without authorization by Troma.

(e) Defendants knowingly and intentionally failed to remit to Troma the proceeds that they received from the Licensing Agreement that was entered into and retained all such proceeds.

31.    Defendants affirmative misrepresentations and omissions were material, and were made with the intention that Troma rely thereon.

32.    Troma reasonably relied on the misreprentations and omissions of the Defendants.

33.    As a result of the fraudulent conduct of the Defendants, Troma has sustained damages.

WHEREFORE, Plaintiff, Troma Entertainment, Inc. demands judgment against Defendants, Centennial Pictures Inc., Pan Global Entertainment, LLC, Lance Robbins, King Brett Lauter, jointly and severally, as follows:

(A)    For compensatory damages;

(B)    For punitive damages;

(C)    For attorneys fees and costs of suit; and,

(D)    For such other and further relief as this Court deems equitable and just.

### THIRD COUNT

### (Tortious Interference with Prospective Economic Advantage)

34.    Troma repeats and incorporates the preceding allegations of the Complaint as if fully set forth herein.

35.    By its improper and unlawful actions, the Defendants have intentionally interfered with the economic advantage which Troma would have derived from the Distribution Agreement which the Defendants unlawfully entered into with Intravest Beteiligungs GMBH.

36.    Defendants have tortiously interfered with Troma's prospective economic advantages.

37.    As a proximate result thereof, Troma have suffered substantial damages.

**WHEREFORE**, Plaintiff, Troma Entertainment, Inc. demands judgment against Defendants, Centennial Pictures Inc., Pan Global Entertainment, LLC, Lance Robbins, King Brett Lauter, jointly and severally, as follows:

(A)    For compensatory damages;

(B)    For punitive damages;

(C)    For attorneys fees and costs of suit; and,

(D)    For such other and further relief as this Court deems equitable and just.

Shapiro, Croland, Reiser,
Apfel & Di Iorio, LLP
Attorneys for Plaintiff

By:

Stuart Reiser

Dated: March 7, 2011

## JURY DEMAND

Troma hereby demands a trial by jury on all issues so triable.

Shapiro, Croland, Reiser,
Apfel & Di Iorio, LLP
Attorneys for Plaintiff

By:

Stuart Reiser

Dated: March 7, 2011

# EXHIBITS

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

**PA 1-371-534**

EFFECTIVE DATE OF REGISTRATION

Jan 22 2007

---

**1** TITLE OF THIS WORK ▼

TOXIC AVENGER PART IV, CITIZEN TOXIE

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See Instructions

MOTION PICTURE

---

**2**

**a** NAME OF AUTHOR ▼

TROMA ENTERTAINMENT, INC.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

ENTIRE MOTION PICTURE

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
2001

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information
ONLY if this work has been published.
Month ▶ Nov    Day ▶ 3    Year ▶ 2001
UNITED STATES

---

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

TROMA ENTERTAINMENT, INC.
733 Ninth Avenue
New York, NY 10019

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
JAN 2 2 2007
ONE DEPOSIT RECEIVED
JAN 2 2 2007 DVD/L
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

---

MORE ON BACK ▶    Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    See detailed instructions.    Sign the form at line 8.

DO NOT WRITE HERE

EXAMINED BY

CHECKED BY

CORRESPONDENCE
☐ Yes

FORM PA

FOR
COPYRIGHT
OFFICE
USE
ONLY

*Special relief granted under
37 CFR 202.20(d).

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼     Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
TROMA ENTERTAINMENT INC
733 Ninth Avenue
New York, NY 10019

Area Code and Telephone Number ▶ 212-757-4555   Fax ▶

Be sure to
give your
daytime phone
number.

**CERTIFICATION** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of TROMA ENTERTAINMENT, INC.
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Michael Herz     date ▶

Handwritten signature (X) ▼ [signature]

**MAIL
CERTIFI-
CATE TO**

Name ▼
Michael Herz c/o TROMA ENTERTAINMENT, INC.
Number/Street/Apartment Number ▼
733 Ninth Avenue
City/State/ZIP ▼
New York, NY 10019

Certificate
will be
mailed in
window
envelope

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Case 1:11-cv-01137-BMC   Document 1   Filed 03/10/11   Page 15 of 22

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form PA**
— Work of Performing Art —

PA 1 - 395 - 733

EFFECTIVE DATE OF REGISTRATION

Month 6  Day 4  Year 07

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**
Poultrygeist: Night of the Chicken Dead

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**NATURE OF THIS WORK ▼**
Motion Picture

**NAME OF AUTHOR ▼**
Poultry Productions, LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Citizen of
OR Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP**
Entire Motion Picture

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Citizen of
OR Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Citizen of
OR Domiciled in

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2007

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month April  Day 13  Year 2007
Nation Belgium

**COPYRIGHT CLAIMANT(S)**
Poultry Productions, LLC c/o Troma Entertainment
733 Ninth Avenue
New York, NY 10019

**TRANSFER**

**APPLICATION RECEIVED**
JUN 0 4 2007

**ONE DEPOSIT RECEIVED**
JUN 0 4 2007

**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

**MORE ON BACK ▶**

NOTE

EXAMINED BY _____   FORM PA

CHECKED BY _____

☐ CORRESPONDENCE                              FOR
   Yes                                       COPYRIGHT
                                             OFFICE
                                             USE
                                             ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is No, do not check box A, B, or C.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼                    Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                        Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Poultry Productions, LLC c/o Troma Entertainment
733 Ninth Avenue
New York, NY 10019

Area code and daytime telephone number  ( 212 ) 757-4555          Fax number  ( 212 ) 399-9885
Email  mh@troma.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Poultry Productions, LLC
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Lloyd Kaufman                                           Date  5/31/07

Handwritten signature (X) ▼
Poultry Productions LLC by [signature] Lloyd Kaufman

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Lloyd Kaufman c/o Troma Entertainment Inc.

Number/Street/Apt ▼
733 Ninth Avenue

City/State/Zip ▼
New York, NY 10019

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form PA—Full Rev: 07/2006   Print: 07/2006   ★ 40,000   Printed on recycled paper

From: matt@troma.com
To: LHRProductions@aol.com
Sent: 10/8/2009 12:36:41 P.M. Pacific Daylight Time
Subj: Troma Agreement

Dear Lance,

This is to confirm that Lance Robbins of Robbins Entertainment Group may represent Troma Entertainment, Inc. with regards to a specific German VOD/TV deal.
Should a deal be accepted by Troma Entertainment, Inc. Lance Robbins shall receive a commission of 20% of the license fee actually paid to Troma.

Should no deal be presented to Troma within 30 days of the date of this email the above authorization shall be terminated.

If this is acceptable please confirm by email.

Thanks,

--
Matt Manjourides
Director Troma Team Video & Distribution

Troma Entertainment, Inc
The Troma Building
36-40 11th Street
Long Island City NY, 11106

718.391.0110 ext.14

1718 39102

55

Lajua

8-11-10

## NON-EXCLUSIVE PAY TELEVISION LICENSING AGREEMENT

AGREEMENT dated as of September 30, 2009 between Brett Lauter d/b/a PAN GLOBAL ENTERTAINMENT, 1158 26th Street, Suite 767, Santa Monica, CA 90403, Fax: +1-817-549 3700 ("Licensor"), and INTRAVEST BETEILIGUNGS GMBH, Mösli 4, CH-9425 Thal / SG, Fax +41-71-888 1281 ("Licensee") in connection with the motion picture set forth below.

1. **PICTURE(S):**    as listed in Exhibit "A" hereof  (the "Picture(s)")

2. **TERRITORY:**    Germany, Austria, Switzerland, Liechtenstein, Luxemburg, Alto Adige – German speaking parts only (the "Territory").

3. **LANGUAGE:**    German – dubbed (english version, if available for simulcast)

4. **RIGHTS:** The non-exclusive right for encrypted Pay-Per-Channel distribution of the Picture(s) on the SILVERLINE TV AG's MOVIE CHANNELS, in linear form via digital networks including cable, satellite, DSL, DMB or any other existing or newly developed means of transportation for closed-circuit encrypted digital signals (Pay-TV).

   Licensor herewith warrants to own or control any and all rights, title and ownership, including copyright of the Pictures necessary for the Pay-TV exploitation by Licensee, including the right to grant Licensee the use of clips of each Picture licensed hereunder not exceeding three (3) minutes in length for promotional purposes on Free TV, as well as the right to use the likenesses of persons portrait in the Picture(s) for promotional purposes as customarily exercised by television channels, subject to the collective rights bargaining agreements; Licensor also warrants that the Picture(s) have passed the necessary censorship evaluation with a rating no more restrictive than FSK 18; Licensor holds Licensee harmless in the event of any third party's claim in the rights licensed herein.

5. **TERM:** 3 years six months – starting as specified in Exhibit "A" (the "Term").

6. **RUNS:**    Unlimited.

7. **LICENSE FEE:** In consideration of the rights herein licensed, Licensee shall pay to Licensor Three Thousand US DOLLARS ($3,000,00) per Picture, payable as follows:

   USD    600,00 (20%) per picture upon execution of this agreement, and
   USD    2,400,00 (80%) per picture after delivery of all key delivery elements and technical acceptance of the master materials.

   Licensee shall immediately inform Licensor of the acceptance of the delivered materials, whereas Licensor, upon receipt of such acceptance notice shall immediately invoice Licensee the due amounts.

LICENSE AGREEMENT – Intravest/PANGLOR-POULTRY-TOXIE4

Hau    I    BL 9-30-0

Licensee shall acquire the Rights only after Licensor receives full payment of the License Fee. Non-payment of any portion thereof, subject to paragraph 9 hereof, shall constitute a breach of this Agreement and after expiration of a cure period of ten (10) days, Licensor, in addition to all other rights it may have by law, equity or under this Agreement, shall be entitled to immediately terminate this Agreement and retain all monies theretofore paid hereunder.

8. ADDITIONAL TERMS: (i) Licensor shall grant Licensee a two (2) months exclusive window for the first two months after each Picture's first airdate; (ii) Licensor shall also grant Licensee the rights for a two (2) month free-of-charge, non-exclusive, catch-up VOD service to be part of a free-of-charge added bonus package for the subscribers of the Channels offered by the cable operators marketing the pay-TV platforms containing the Channels.

9. DELIVERY MATERIALS:   Licensee shall inform Licensor of the intended delivery schedule, unless already noted in Exhibit "A", and place an order for the creation delivery of the delivery elements (at costs not to exceed USD 250,00 for a Beta-SP master) to be shipped by Licensor at Licensee's expense to Licensee's Playout Facility, which will hold the delivery elements in trust and perform the technical quality control evaluation. The Playout Facility will not release any of the delivery elements until Licensor has been fully paid the License Fee.  In the event of any master materials being rejected by the Playout Facility, Licensor shall immediately send Licensee suitable materials to substitute the rejected master(s) at Licensors expense. In the event no suitable materials can be supplied, Licensee has the right to reduce the License Fee by the amount allocated towards the rejected Picture(s) plus the costs for the rejected materials or ask for adequate exchange title(s) subject to the terms and conditions set forth herein.

The address and contact information of the Playout Facility is as follows:

> Storz Medienfabrik GmbH
> Attn: Peggy Reinhardt
> Weilstrasse 7-9
> D-73734 Esslingen
> Germany
> Tel: +49-711-901350

Mandatory Key Delivery Materials for each Picture shall include:

To be delivered to Storz GmbH:
- The better of DVD or Blueray (to become property of Licensee after QC), PAL Beta-SP, Digi-Beta or HD of the feature film including trailer – German dubbed version – stereo (Channel 1&2 German, Channel 3&4 original version)

To be delivered to Silverline Television AG, Maximilianstrasse 52, D-80538 Munich, Germany:

- 5 Color slides (preferably on DVD)
- Synopsis
- Music Cue Sheet
- FSK rating card obtained for the cut version delivered to Licensee, or other official proof that the film has not been banned in the Territory
- Credit obligations

10. CONSTRUCTION: This Agreement shall be governed by and construed with in accordance with the laws of the State of Switzerland, and shall be subject to the jurisdiction of the courts therein.

11. NO CONTINUING WAIVER: No waiver by either party of any breach hereof shall be deemed a waiver of any preceding, continuing or succeeding breach of the same, or any other term hereof.

12. ENTIRE AGREEMENT: This Agreement supersedes and cancels all prior negotiations and understandings between the parties with respect to the pictures listed in Exhibit "A" hereto and contains all of the terms of the Parties. No modification shall be valid unless in writing and executed by both parties.

This Agreement when executed by the parties, shall constitute the entire Agreement between the parties and shall be a binding agreement between them.

PAN GLOBAL ENTERTAINMENT       INTRAVEST BETEILIGUNGS GMBH

("Licensor")                         ("Licensee")

BY: _Brett Carter_              Intravest GmbH
                                BY: _Kirchrain 34_

ITS: _Managing Director_         ITS: _9472 Stadt_

DATE: _09-30-2009_            DATE: _2.10.2009_

## EXHIBIT "A"

| TITLE/YEAR | FSK | DELIVERY | TERM*) | LICENSE FEE |
|---|---|---|---|---|
| POULTRYGEIST (USA 2006) | KJ | TBA | 3 ½ YEARS | USD 3.000,00 |
| CITIZEN TOXIE: THE TOXIC AVENGER IV (USA 2000) | KJ | TBA | 3 ½ YEARS | USD 3.000,00 |

*) starting upon each Picture's first airdate, however no later than four (4) months after written acceptance of delivery materials by Licensee

LICENSE AGREEMENT - Interraux/PANGLOS-POULTRY-TOXIE4

4 9-30-0

# STATEMENT OF ACCOUNT – CENTENNIAL PICTURES
## 10-24-2009

| | |
|---|---|
| 20% DEPOSIT FROM SILVERLINE TV ON POULTRYGEIST & CITIZEN TOXIE | $1,200 |
| 80% BALANCE PAYMENT FROM SILVERLINE TV ON ROOM 33 | 2,400 |
| SWISS BANK WIRE FEES | <17.50> |
| ======================================== | |
| NET AMOUNT RECEIVED | $3,582.50 |
| COMMISSION TO PAN GLOBAL [$600 + $118.25] | <718.25> |
| SUB-TOTAL | $2,864.25 |
| PAID TO AMAZON.DE FOR (2) DVDS | <49.71> |
| BALANCE DUE – CENTENNIAL PICTURES | $2,814.54 |